IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARK SCHOMBURG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-159-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Mark Schomburg, a state prisoner confined in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ,

Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be denied.

## I. BACKGROUND

In October 2011 Petitioner was charged in Wise County, Texas, with murdering Susan Lynn

Whisenant on or about August 14, 2011.  Adm. R., WR-80,767-01, 3, ECF No. 12-1.  On November

14, 2012, pursuant to a plea bargain agreement, Petitioner pleaded guilty to the offense, and the trial

court assessed his punishment at forty years' imprisonment.  *Id.* at 16-23.  Having waived his right

to appeal, Petitioner did not directly appeal his conviction or sentence.  Pet. 3, ECF No. 1.  On

November 30, 2013, Petitioner filed a state habeas application challenging his conviction, which was

denied by the Texas Court of Criminal Appeals on February 19, 2014, without a hearing or written

order.[1]  Admin. R.,WR-80,767-01, 37 & "Action Taken," ECF No. 12-1.  This federal petition for habeas relief challenging his conviction and sentence was filed on February 24, 2014.[2]  Pet. 10, ECF No. 1.

## II.  ISSUES

In four grounds, Petitioner claims his trial counsel was ineffective because counsel–

(1)     failed to investigate the allegations in the indictment;
(2)     failed to file a motion to suppress his illegally-obtained confession;
(3)     failed to investigate the victim's violent past; and
(4)     failed to seek and/or file a motion "to acquire medical record[s] and the evaluation of petitioner because of the mind altering drugs prescribed from a previous injury."

Pet. 6-7, ECF No. 1

## III.  RULE 5 STATEMENT

Respondent believes that Petitioner's claims have been exhausted in state court and that the petition is not subject to the successive-petition bar.  He believes, however, that the petition is untimely under the federal statute of limitations.  Resp't's Answer 4-9, ECF No. 14.

## IV.  DISCUSSION

### A.  Statute of Limitations

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for

---

[1]A prisoner's state habeas application is deemed filed when placed in the prison mailing system for mailing. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  Petitioner's state application does not reflect the date he placed the document in the prison mailing system, however it was signed by Petitioner on November 30, 2013; thus, the Court deems the application filed on that date.

[2]Likewise, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Petitioner declares in his petition that he placed the document in the prison mailing system on January 31, 2014, however he did not execute (sign) the document until February 24, 2014.  Consequently, the earliest he could have placed the petition in the prison mailing system is February 24, 2014, the date he signed the petition; thus, the Court deems the petition filed on that date.

writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing a timely notice of appeal on December 14, 2012, and closed one year later on Monday, December 16, 2013, absent any applicable tolling. [3]  *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

---

[3] Respondent Stevens argues the trial court's judgment became final for purposes of subsection (A) on November 14, 2012, the date the judgment was entered, because Petitioner expressly waived his right to appeal, among other rights, as part of the plea bargain agreement.  Resp't's Answer 5-6, ECF No. 14.  *See Galindo v. Thaler,* No. V-08-56, 2010

Petitioner is entitled to statutory tolling under § 2244(d)(2) for 82 days during the pendency of his state habeas application, making his federal petition due on or before Monday, March 10, 2014. Thus, his petition, filed on February 24, 2014, is timely.

### B.  Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254.  Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011).  This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings."  *Harrington*, 562 U.S. at 102.

The statute further requires that federal courts give great deference to a state court's factual findings.  *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The presumption of correctness applies to both express and implied factual findings.  *Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11 (5th Cir. 2001).  Absent express findings, a federal court may imply fact findings consistent with the state court's

---

WL 774170, at *2 (S.D.Tex. Mar. 2, 2010).  However, the United States Supreme Court has not considered the question, and Respondent acknowledges that the Fifth Circuit expressly denied reaching this question in *Rodriguez v. Thaler,* 664 F.3d 952, 593 (5th Cir. 2011).  Further, under these circumstances, this Court has held the limitations period starts after expiration of the statutory appeal time.  *See, e.g., Herrera v. Thaler,* No. 4:10-CV-380-Y, 2010 WL 4116568, at *2 n.4 (N.D.Tex. Sep. 23, 2010), *adopted,* 2010 WL 4116498 (N.D.Tex. Oct. 18, 2010); *Livingston v. Quarterman*, No. 4:09-CV-210-A, 2009 WL 2581706, at *2 n.1 (N.D. Tex. Aug. 19, 2009); *Smith v. Quarterman*, No. 4:08-CV-471-Y, 2008 WL 5062161, at *2 n.1 (N.D. Tex. Nov. 26, 2008).

disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002). Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v. Williams,* — U.S. —, 133 S. Ct. 1088, 1094 (2013); *Harrington,* 562 U.S. at 99; *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2004).

### C.  Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. Const. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on an ineffective-assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster,* — U.S. —, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland,* 466 U.S. at 690)).

However, assuming a defendant is competent, by entering a knowing, intelligent and

voluntary guilty plea, he waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea.[4] *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States*

---

[4]In Texas, a criminal defendant is presumed competent to stand trial. The federal constitutional standard for competency to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *Bouchillon v. Collins,* 907 F.2d 589, 592 (5th Cir. 1990). Petitioner asserts his trial counsel knew he "was without his rightful mental facilities [sic] to enter the plea of guilty at his advise [sic]," however Petitioner offers no medical or psychiatric records, or other evidence, to support his claim of mental incompetence. "Absent evidence in the record, a court cannot consider a petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative value." *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). In this case, the record reflects that based on the trial court's and counsel's interaction with Petitioner, both the court and counsel were clearly under the opinion that Petitioner was competent to stand trial, and there is nothing in the record to suggest that the court or counsel should have been aware that Petitioner lacked the ability at the time he entered his plea to discuss the case with counsel and to understand the proceedings against him. Petitioner fails to provide any evidence, let alone "clear and convincing evidence," that he was not competent to stand trial. *See Wood v. Allen,* 558 U.S. 290, 293 (2010).

*v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

In this case, there was no hearing or specific fact-finding in the state habeas proceedings. Nevertheless, the documentary evidence supports the state courts' implied conclusion that Petitioner's plea was knowingly, voluntarily and intelligently entered.  Petitioner executed the Written Plea Admonishments acknowledging that he understood the admonishments, that he was mentally competent, that he was aware of the possible punishment and consequences of his plea, that his plea was made knowingly, freely and voluntarily, that he understood the written waivers of his rights, including the waiver of all defenses he might have had, that he was "totally satisfied" with the representation given by counsel, and that counsel provided "fully effective and competent representation." Adm. R., WR-80,767-01, 16-22, ECF No. 12-1.  Petitioner also judicially confessed to committing the offense as charged in the indictment.  *Id.* at 22.  Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Petitioner's conclusory claims, after the fact, unsupported by any evidence whatsoever, are insufficient to rebut the presumption of regularity of the records and the presumption that his plea was voluntary and that counsel provided effective representation. *Strickland,* 466 U.S. at 689 (providing counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (providing state court records "are entitled to a presumption of regularity"); *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004) (providing "defendant who pleads guilty after having been properly admonished of his constitutional rights, who has knowingly and voluntarily waived those rights, and who has been admonished as required by our constitutions and art. 26.13 [of the Texas Code of Criminal Procedure] is presumed

to have entered a voluntary and knowing plea"). Therefore, because Petitioner's guilty plea was voluntarily and knowingly made, his claims, regarding counsel's acts or omissions prior to the plea, are waived. *See Florida v. Nixon*, 543 U.S. 175, 187 (2004);*United States v. Broce*, 488 U.S. 563, 573-74 (1989); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Petitioner has failed to satisfy the legal standard for habeas corpus relief set forth above, and his petition for writ of habeas corpus should be denied.

### D. Evidentiary Hearing

Petitioner requests an evidentiary hearing, however his claims were adjudicated on the merits in state court, and he has failed to overcome the limitation of § 2254(d)(1) on the record that was before the state court. *Cullen v. Pinholster*, 131 S. Ct. at 1398-1401. Thus, no evidentiary hearing is warranted.

## V.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of August, 2015.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

8